IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS W. AVENT, JR.,

    Plaintiff,

      v.

RAYMOND PIRRELLO,

    Defendant.

CIVIL ACTION FILE
NO. 1:16-CV-1127-TWT

**OPINION AND ORDER**

This is an action seeking to recover on a promissory note. It is before the Court on the Defendant Raymond Pirrello's Motion to Dismiss [Doc. 6].[1] For the reasons set forth below, the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or – in the alternative – Motion to Transfer Venue  [Doc. 6] is GRANTED.

---

[1]    It should be noted that while the Plaintiff's Amended Complaint [Doc. 10] would normally moot the Defendant's Motion to Dismiss [Doc. 6], because the Defendant states in his Motion to Extend Time to Answer the Amended Complaint that the Plaintiff's Amended Complaint alleges essentially the same background, law, and facts, the Court will treat the Defendant's initial Motion to Dismiss as ripe for review. See Def.'s Mot. to Extend Time to Answer Amended Complaint [Doc. 13].

T:\ORDERS\16\Avent\mtdtwt.wpd

## I. Background

This case arises out of a dispute regarding a promissory note. In 2006, the Plaintiff Thomas Avent, Jr., a Georgia resident, received a cold call from J.P. Turner & Company, an investment firm with an office in Atlanta, Georgia.[2] The Defendant Raymond Pirrello, a New Jersey resident, worked for J.P. Turner & Company.[3] Although the Defendant did not place the initial call, he eventually became the Plaintiff's point of contact with J.P. Turner & Company.[4] Between 2006 and 2012, the Defendant regularly contacted the Plaintiff by means of telephone calls and text messages "to persuade him to make investments through Mr. Pirrello, which would result in fees to Pirrello" and to discuss the management of various investments.[5] In order to fund his investments, the Plaintiff would send checks or wire funds from his Georgia bank account to the Defendant in New Jersey.[6] Ultimately, the Plaintiff

---

[2]     Am. Compl. ¶ 9.

[3]     Id. ¶¶ 3, 9.

[4]     Id. ¶ 9.

[5]     Id. ¶¶ 10-11.

[6]     Id. ¶ 13.

started sending emails that authorized the Defendant to withdraw money from his bank account.[7]

The Plaintiff alleges that – without his knowledge or approval – the Defendant invested the Plaintiff's funds in certain investments which lost more than $500,000.[8] Upon discovery of the loss, the Plaintiff threatened to sue the Defendant.[9] However, in July of 2011, the Defendant agreed to repay the funds.[10] The Defendant made $50,000 worth of payments to the Plaintiff, but the payments eventually ceased.[11] The Plaintiff alleges that the Defendant then agreed to sign a $500,000 promissory note to repay him.[12] Furthermore, the Plaintiff states that he flew to LaGuardia Airport in Queens, New York for the purposes of obtaining the Defendant's signature.[13] The Defendant denies that he ever signed the note.[14] The Plaintiff alleges that the

---

[7]    Id.

[8]    Id. ¶ 16.

[9]    Id. ¶ 17.

[10]   Id.

[11]   Id.

[12]   Id. ¶ 18.

[13]   Avent Decl. ¶¶ 15-16.

[14]   See Mot. to Dismiss, at 6; Pirrello Aff. ¶ 8.

Defendant has not made a single payment on the promissory note.[15] The promissory note states that "failure of Maker to make all outstanding principal and accrued interest within ten (10) days after such payment is due" constitutes an event of default.[16] In the event of a default, the Defendant "is subject, upon demand, to pay all outstanding principal and accrued interest immediately."[17] The Plaintiff made a demand on the Defendant; the Defendant did not respond to the demand.[18] As a result, the Plaintiff  brought suit to recover on the promissory note. The Defendant now moves to dismiss, arguing that the Court lacks personal jurisdiction and that the Northern District of Georgia is an improper venue.

## II. Legal Standard

### A. Motion to Dismiss for Lack of Personal Jurisdiction

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, nonresident defendant."[19] The plaintiff

---

[15]    Am. Compl. ¶ 19.

[16]    Id.; see also Ex. 1.

[17]    Am. Compl. ¶ 19.

[18]    Id.

[19]    Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988).

establishes a prima facie case by presenting "enough evidence to withstand a motion for directed verdict."[20] A party presents enough evidence to withstand a motion for directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions."[21] The facts presented in the plaintiff's complaint are taken as true to the extent they are uncontroverted.[22] If, however, the defendant submits affidavits challenging the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction.[23] If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.[24]

---

[20]   Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

[21]   Walker v. NationsBank of Fla. N.A., 53 F.3d 1548, 1555 (11th Cir. 1995).

[22]   Foxworthy v. Custom Tees, Inc., 879 F. Supp. 1200, 1207 n.10 (N.D. Ga. 1995).

[23]   Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010); Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).

[24]   Madara, 916 F.2d at 1514.

## B.  Motion to Dismiss for Improper Venue

"When a defendant raises an objection to venue, the plaintiff bears the burden of demonstrating the chosen venue is proper."[25] Venue lies in "a judicial district in which any defendant resides," or in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[26] In selecting a district in which a substantial part of the events or omissions occurred,  "the venue analysis focuses on those relevant activities of the defendant – not the plaintiff – that have a close nexus to the wrong."[27] Accordingly, the power to exercise jurisdiction over the defendant does not automatically mean that this is the appropriate venue to hear this action. Personal jurisdiction analysis requires courts to look to contacts with a forum, and then to determine whether it is fair to assert jurisdiction based on those contacts. For the venue analysis under 28 U.S.C. § 1391(a)(2), the Court must focus on where a "substantial" part of the events giving rise to the claim occurred.[28]

---

[25]     Kuehne v. FSM Capital Mgmt., LLC, No. 12-80880-CIV, 2013 WL 1814903, at * 2 (S.D. Fla. April 29, 2013).

[26]     28 U.S.C. § 1391(a)(1), (a)(2); see also Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003).

[27]     Tauriga Scis., Inc. v. Cowan, Gunteski & Co., P.A., No. 15-CV-62334, 2016 WL 5661631, at *2 (S.D. Fla. Sept. 30, 2016) (quoting Kuehne, 2013 WL 1814903, at * 2).

[28]     See Jenkins, 321 F.3d at 1371-72.

## III. Discussion

### A. Personal Jurisdiction

The Defendant moves to dismiss the Plaintiff's Amended Complaint for lack of personal jurisdiction. Determining personal jurisdiction is a two-step inquiry.[29] First, the Court must determine whether personal jurisdiction exists under the state's long-arm statute.[30] Second, the Court must determine whether the defendant has sufficient minimum contacts with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment.[31] Here, the Defendant submitted an affidavit in support of his Motion to Dismiss. However, the Defendant's Affidavit and the Plaintiff's Amended Complaint directly conflict on a number of points. Most notably, they conflict over whether the Defendant signed the promissory note at issue.[32] Where the complaint and the defendant's affidavit conflict, the Court "must construe all reasonable inferences in favor of the [p]laintiff."[33]

---

[29]   Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257-58 (11th Cir. 2010).

[30]   Id.

[31]   Id.; International Shoe Co. v. Washington, 326 U.S. 310, 317-18 (1945).

[32]   See Am. Compl. ¶ 7; Pirrello Aff. ¶ 8.

[33]   Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

The Plaintiff alleges person jurisdiction exists under the Georgia long-arm statute's first prong. The first prong provides that "[a] court . . . may exercise personal jurisdiction over any nonresident . . . if in person or through an agent, he or she: (1) Transacts any business within this state . . . ."[34]

> In considering whether a Georgia court may exercise jurisdiction over a nonresident based on the transaction of business, we apply a three-part test: Jurisdiction exists on the basis of transacting business in this state if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.[35]

The initial two prongs of the test serve to establish minimum contacts with the state, and the third allows the Court to consider whether it is fair to exercise personal jurisdiction over the defendant.[36] Importantly, the long-arm statute does not require "the physical presence of the nonresident in Georgia," and it does not "minimize[] the

---

[34]   O.C.G.A. § 9-10-91(1).

[35]   Aero Toy Store, LLC v. Grieves, 279 Ga. App. 515, 517-18 (2006) (quoting Robertson v. CRI, 267 Ga. App. 757, 759 (2004)).

[36]   Id.

import of a nonresident's intangible contacts with the State."[37] Mail, telephone, and other intangible contacts may suffice.[38]

Here, the Court finds that the Defendant transacted some business in Georgia. Over a six year period, the Defendant regularly communicated with the Plaintiff – a Georgia resident – to market investments. The Defendant earned compensation for each investment the Plaintiff made through him. Moreover, the Defendant regularly accepted funds from the Plaintiff's Georgia bank account to pay for certain investments. "Because Defendant 'sought to derive economic benefit' from its relationship with Plaintiff," the Court finds that the Defendant "did transact business in Georgia through [his] telephone and email contacts."[39] Indeed, the Defendant's contacts are not the "result of random, fortuitous, or attenuated contacts."[40] Another factor favoring jurisdiction is that the promissory note contains a Georgia choice of

---

[37]     Innovative Clinical & Consulting Servs., LLC v. First Nat. Bank of Ames, 279 Ga. 672, 675 (2005).

[38]     See First Nat. Bank of Ames, Iowa v. Innovative Clinical & Consulting Servs., LLC, 280 Ga. App. 337, 338 (2006) (finding that the defendant's "postal, telephone, and other intangible Georgia contacts suffice to bring it within the purview of O.C.G.A. § 9-10-91(1)").

[39]     TRS & Assocs., Inc. v. Document Imaging Techs., Inc., No. 1:08-CV-03264-JOF, 2009 WL 2778256, at *7 (N.D. Ga. Aug. 25, 2009) (quoting Innovative Clinical, 280 Ga. App. at 338).

[40]     Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985).

law clause.[41] "A choice of law clause is relevant to the personal jurisdiction analysis, although not conclusive alone."[42] When combined with the Defendant's numerous contacts, the choice of law clause reinforces the conclusion that the Defendant was transacting business within Georgia.[43] Accordingly, the Court finds that the Georgia long-arm statute applies to the Defendant.

Next, the Court must determine if exercising jurisdiction would offend due process. To begin, it is clear that there is no general jurisdiction over the Defendant in Georgia. A party is subject to the general jurisdiction of a court when it possesses "continuous and systematic" contacts with the forum.[44] The Defendant is a resident of New Jersey; he owns no property in Georgia; and he has never maintained a

---

[41]    As noted above, the Defendant and the Plaintiff dispute whether the Defendant signed the promissory note. The Plaintiff has attached a copy of the note to his Amended Complaint. The Defendant provides an affidavit disputing the authenticity of the signature on the note. Because the Court must construe all facts in favor of the Plaintiff when the Complaint and the Defendant's Affidavit conflict, the Court will – for the purposes of the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction – regard the Defendant's signature as authentic. See Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

[42]    TRS & Assocs., 2009 WL 2778256, at *8 (citing Burger King, 471 U.S. at 482).

[43]    Id.

[44]    Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984).

business office in Georgia.[45] Based on these facts, it would be inappropriate to find

that the Defendant has continuous and systematic contacts with Georgia such that

general jurisdiction would be appropriate.[46]

Thus, the only avenue for personal jurisdiction is specific jurisdiction. In

specific jurisdiction cases, the Court applies a three-part due process test:

> (1) whether the plaintiff's claims "arise out of or relate to" at least one
> of the defendant's contacts with the forum; (2) whether the nonresident
> defendant "purposefully availed" himself of the privilege of conducting
> activities within the forum state, thus invoking the benefit of the forum
> state's laws; and (3) whether the exercise of personal jurisdiction
> comports with "traditional notions of fair play and substantial justice."[47]

The Defendant performed the bulk of the investment activity at issue in New Jersey

or New York. As the Defendant notes, "[i]f an order to purchase securities was

effected, the order would have been placed in New Jersey through GSS corporate

headquarters and was transacted on the national exchanges . . . located in New

York."[48] Nevertheless, the Court finds that the Defendant purposefully established

---

[45]     See Pirrello Aff. ¶¶ 4-5.

[46]     See Kinnard v. Kelly, No. 1:08-CV-1824-JOF, 2009 WL 1606516, at *3
(N.D. Ga. June 8, 2009) (finding that general jurisdiction was not appropriate
where the defendant had never been a Georgia resident, owned no property in the state, never
maintained an office in the state, and was not served in the state).

[47]     Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1355 (11th Cir.
2013).

[48]     See Def.'s Reply Br., at 8.

minimum contacts in Georgia. As discussed above, the Defendant engaged in years of investment business by reaching out to the Plaintiff.[49] These transactions involved meaningful contact with Georgia.

First, the Plaintiff's suit based on the promissory note is related to the Defendant's contacts with the state. The Defendant continuously contacted the Plaintiff in order to sell various investments, and the Plaintiff agreed to purchase certain investments. The Defendant earned money based on the Plaintiff's investments and accepted payment from his Georgia customer. The promissory note was executed in order to refund the Plaintiff for the allegedly lost investments. Thus, "[t]here is a direct causal relationship" between the Defendant, this action, and Georgia.[50]

Second, the Defendant, by continuously reaching out to the Plaintiff to sell investments, availed himself of the benefits of the forum. He accepted funds from the Plaintiff's Georgia bank account to pay for the investments, and he profited from the business. Furthermore, by signing the promissory note, he agreed that Georgia law

---

[49]    See Licciardello v. Lovelady, 544 F.3d 1280, 1286 (11th Cir. 2008) ("Jurisdiction may be constitutionally asserted over the nonresident defendant whenever he has by his own purposeful conduct created a substantial connection with the forum state." (quoting Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985))).

[50]    Louis Vuitton, 736 F.3d at 1356.

would govern any action arising out of the note.[51] Thus, the Defendant's contacts with Georgia "are such that the [D]efendant should [have] reasonably anticipate[d] being haled into court in the forum."[52]

In response, the Defendant contends that, based on the arbitration clause in the Plaintiff's "new account form" with Garden State Securities, he only anticipated an arbitration occurring if a dispute arose over the Plaintiff's investment activities.[53] Thus, according to the Defendant, to subject him to jurisdiction in Georgia would violate due process. The Court disagrees. If the arbitration clause controlled this situation, then it would seem, to the Court, that the Defendant would have filed a motion to compel arbitration instead of a motion to dismiss for lack of personal jurisdiction. Moreover, the Defendant fails to cite any case law in support of his argument. Thus, the Court does not agree that the arbitration clause in the "new account form" reasonably caused the Defendant to have no expectations of being sued in Georgia.

---

[51]    See Allegiant Physicians Servs., Inc. v. Sturdy Mem'l Hospital, 926 F. Supp. 1106, 1116 (N.D. Ga. 1996) (placing great weight upon parties' choice of law provision when assessing "purposeful availment").

[52]    Louis Vuitton, 736 F.3d at 1357.

[53]    Def.'s Reply Br., at 4.

Third, the Court finds that exercise of jurisdiction comports with traditional notions of fair play and substantial justice.[54] Relevant factors include the burden on the defendant, the forum state's interest in resolving the dispute, the plaintiff's interest in obtaining relief, the interstate judicial system's interest in efficiency, and the shared interest of the states in furthering fundamental social policies.[55] Neither party addressed the relevant factors in their briefs. Nevertheless, the Court finds that these factors likely favor the Plaintiff. The Plaintiff – a Georgia resident – was allegedly injured by the nonresident Defendant's misconduct. Georgia has an interest in resolving this dispute because it involves a Georgia citizen. Moreover, there are no fundamental social policies that counsel against this Court exercising jurisdiction here. In sum, the Court finds personal jurisdiction over the Defendant is proper.

### B. Improper Venue

In his Amended Complaint, the Plaintiff argues that venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) and Local Rules 3.1(B)(2), 3.1(B)(3).[56] The Plaintiff states that venue is proper here, because the Defendant owed the Plaintiff payment on the promissory note in Atlanta, Georgia, and

---

[54]   International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945).

[55]   Burger King v. Rudzewicz, 471 U.S. 462, 477 (1985).

[56]   Am. Compl. ¶ 8.

thus the Plaintiff suffered harm in Atlanta, Georgia when the Defendant failed to make any payments on the promissory note.[57] The Court, however, is unpersuaded that this argument establishes venue. As the Court noted above, the venue analysis must focus on the Defendant's actions and omissions.[58] Here, the Defendant's actions regarding the allegedly improper investments took place in New Jersey. The promissory note was allegedly executed in New York City. Although it contains a choice of law provision, it does not contain a forum selection clause. And the Defendant failed to make any payments on the promissory note in New Jersey. The only real connection to this District is that the Plaintiff resides here. Accordingly, the Court finds that the Plaintiff has not met his burden of showing that a substantial part of the events or omissions giving rise to the claim occurred in this District.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[59] As a result, the Court must now decide whether to dismiss this action or transfer it to the appropriate venue. The Court concludes that a transfer to the District of New Jersey

---

[57]   Id.

[58]   Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371-72 (11th Cir. 2003).

[59]   28 U.S.C. § 1406(a).

is appropriate. The Defendant is a resident of New Jersey. And, as noted above, a substantial part of the events or omissions giving rise to the claim occurred in New Jersey. Finally, the Court finds that the principles of judicial economy are best served by a transfer to the District of New Jersey. As a result, the Court finds that – pursuant to 28 U.S.C. § 1406(a) – the present action should be transferred to the District of New Jersey.

## IV. Conclusion

For these reasons, the Court GRANTS the Defendant Raymond Pirrello's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or – in the alternative – Motion to Transfer Venue  [Doc. 6]. The Clerk is directed to transfer the case to the United States District Court for the District of New Jersey for further adjudication.

SO ORDERED, this 20 day of March, 2017.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge